

*Stephanie L. Cesare, Esquire*
*Attorney I.D. No.: 308102*
*2 West High Street*
*Carlisle, Pennsylvania 17013*
*(717) 249-0900*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:16-CR-00080 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| STEPHEN CHANG | : | |
| Defendant | : | |

## DEFENDANT'S BRIEF IN SUPPORT OF OUTSTANDING OBJECTION TO PSR AND SENTENCING MEMORANDUM

**AND NOW**, comes the Defendant, Stephen Chang, by and through his counsel, Stephanie L. Cesare, Esquire, and submits the following Sentencing Memorandum and respectfully requests the Honorable Court consider the information submitted herein when deciding upon a proper sentence.

I. **Statement of the Case**

   a. **Procedural History**

Mr. Chang was charged by way of Criminal Complaint on March 7, 2016 with violating 18 U.S.C. § 2423 Travel with the Intent to Illicit Sexual Conduct. On March 30,

2016, a four (4) count Indictment was returned, alleging three (3) counts of Travel with the Intent to Engage in Illicit Sexual Conduct in violation of 18 § U.S.C. 2423(b) and one (1) Count of Coercion and Enticement in violation of 18 § U.S.C. 2422(b). (PSR pp. 4). On May 5, 2017, a five (5) count Superseding Information was filed, adding to the initial charges Count five (5), Coercion and Enticement, to account for conduct which occurred in the Central District of California. (PSR pp. 4).

Mr. Chang entered guilty pleas to all five (5) counts of the Superseding Information on June 13, 2017 before Magistrate Judge Carlson. (PSR pp. 4). Magistrate Judge Carlson recommended this Court accept the plea and adjudicate Mr. Chang guilty, which did occur on June 29, 2017. (PSR pp. 4, 5).

The PSR correctly calculates the Combined Adjusted Offense Level to be a level 40, after application of grouping. (PSR pp. 50). A three (3) level reduction for acceptance of responsibility is warranted, for a Total Offense level of 37. (PSR pp. 52-4). Based upon Mr. Chang's Criminal History Category of I, based upon zero (0) Criminal History Points, the advisory Guideline range is 210-262 months. (PSR pp. 57, 75).

### b. Statement of Facts

On January 29, 2016, the Elizabethtown Police Department, Lancaster, County, Pennsylvania, received a CyberTipline report from the National Center for Missing and Exploited Children (NCMEC). (PSR pp. 7). The report indicated that Mr. Chang was

having conversations with a minor female (Minor 1) and that Mr. Chang had engaged in sexual contact with Minor 1. (PSR pp. 7).

On February 19, 2016, a search warrant was executed for Facebook account records, and this revealed that the suspected communication had indeed occurred. (PSR pp. 8). In addition to Facebook account information, Mr. Chang's American Express records were obtained, which indicated that he had reservations to fly from Los Angeles to Washington Dulles Airport, and from Washington Dulles to Harrisburg International Airport on February 13, 2016. (PSR pp. 9). On February 1, 2016, Mr. Chang's travel reservations were changed to March 4, 2016. (PSR pp. 9).

On March 4, 2016, Mr. Chang exited the plane at Harrisburg International Airport and walked toward the rental car pick-up, whereupon he was arrested by authorities. (PSR pp. 10). Search warrants were obtained for both Mr. Chang's cellular telephone and the backpack he was carrying at the time of his arrest. (PSR pp. 11).

Subsequent to Mr. Chang's arrest in the Middle District of Pennsylvania, it came to light that a concurrent investigation involving Mr. Chang in Bakersfield, California was ongoing. (PSR pp. 11). On January 11, 2016, police in Bakersfield, California received a report that Mr. Chang had met a minor female (hereafter referred to as "Minor 2") through Facebook and subsequently engaged Minor 2 in sexual activity on January 9, 2016. (PSR pp. 11).

3

II. **Outstanding Objections to Pre-Sentence Investigative Report**

**A Downward Departure is Warranted Due to the Extraordinarily Poor Conditions Mr. Chang was Subjected to While in Pre-Trial Custody at Dauphin County Prison.**

The Second and Eleventh Circuits have recognized that, even prior to *Booker*, extraordinary conditions of pretrial confinement may justify a downward departure because the Sentencing Commission likely did not consider such conditions when formulating the Guidelines. *See United States v. Pressley*, 345 F.3d 1205, 1218 (11th Cir. 2003); *United States v. Carty*, 264 F.3d 191, 196 (2d Cir. 2001)(*per curiam*). In *Pressley*, the defendant spent 23 hours per day locked in a cell, and was not allowed outside. 345 F.3d at 1219. The Third Circuit has neither allowed nor disallowed departures on this basis. *See United States v. Stevens*, 223 F.3d 239, 248 n. 9 (3d Cir. 2000)("We do not decide the question of whether confinement conditions constitute a permissible basis for downward departure.").

During his time at Dauphin County Prison, Mr. Chang was subject to death threats and intimidation by fellow inmates, such that protective custody was needed to keep him safe. Protective custody was requested on March 7, 2016; protective custody status was reviewed and extended through mid-April 2017. Although protective custody status protected Mr. Chang from fellow inmates, it caused him to be locked in a cell more than

4

22 hours per day. Prison staff also subjected Stephen to harassment and destruction of his commissary items November 21, 2016. Stephen was moved to Adams County Prison in August 2017.

Because Mr. Chang was subjected to deplorable conditions in pre-trial custody, a downward departure is warranted. Alternatively, a variance on this basis is requested.

### III. Section 3553(a) Factors

#### A. The History and Characteristics of the Defendant

##### a. Early Life, Family, and Upbringing

Stephen is the oldest child and only son of Chul Kya Chang and Kyung Sook. (PSR pp. 59). He is described by family as very quiet, shy, and studious. (PSR pp. 61). His sister, Deborah Wong, would like the Court to know that her brother has learned from his mistakes and won't reoffend. (PSR pp. 61). Ms. Wong also recalls Stephen to be a timid, gentle, soft-spoken child, who would not stand up for himself. She states her brother has deep compassion and empathy for people and animals, and wants nothing more than forgiveness from God and his victims. *See Letter from Debbie Chang Wong*, attached hereto as Exhibit C.

##### b. Risk of Recidivism and Amenability to Treatment

On October 6, 2016, Mr. Chang was evaluated by Dr. Timothy Foley of Ardmore,

5

Pennsylvania at the Dauphin County Prison. Subsequent to this evaluation he produced a report detailing his findings. *See Report of Dr. Timothy Foley*, attached hereto as Exhibit A. Dr. Foley notes that Stephen was cooperative and responsive during the four and a half (4 ½) hour interview. Dr. Foley opines that Mr. Chang is a socially aliened young man with limited capacity to establish intimacy with peers. With sex offender treatment, psychotherapy, and social skills development, his risk of re-offending will drop in the coming years. (Exhibit A, pgs. 3, 6). Stephen is amenable to this treatment, and lacks any cognitive deficit which would prevent treatment from being effective. Furthermore, as explained below, he has already begun treatment, taking advantage of the limited rehabilitative resources available to him in pre-trial custody.

Mr. Chang graduated from The Webb Schools, a prestigious preparatory institution in 2006, with a Grade Point Average of 3.674. (PSR pp. 68). He then attended Brandeis University and earned a Bachelor's Degree in Psychology in 2010. (PSR pp. 68). After graduation, Stephen participated in internships before working for his parent's clothing importation company, Vine USA. (PSR pp. 71, 69).

### c. Pre-Trial Rehabilitation

Mr. Chang has used his time in pre-trial custody productively. While at Dauphin County Prison, he completed the MENDS sex offender treatment program. While in this program, Stephen was cooperative and mature; he was "an asset to peers and the

6

program", assumed a leadership role, and considerately held fellow inmates accountable. *See Offender Management Program – Treatment Program Summary*, attached hereto as Exhibit B. Mr. Chang also attended treatment programs on the subjects of violence intervention, addictive and compulsive behavior, and Bible study.

### d. Acceptance of Responsibility

Throughout arrest and court proceedings, Mr. Chang has demonstrated acceptance of responsibility. He was arrested without incident on March 4, 2016. Due to the large volume of discovery materials and consolidation of Count 5 from the Central District of California, guilty plea was entered on June 13, 2017. (PSR pp. 4). Mr. Chang has authored a letter to the Court, which is handwritten and difficult to read, in which he states:

> **To Judge Kane,**
>
> I wanted to express my sincere apologies for what I did to get myself incarcerated. After over a year of self-reflection in prison, I am still ashamed over why I acted the way I did, and the lasting consequence of my actions for the two victims involved. They now have to live with the burden of my faults, to my undying shame. Although I know I cannot communicate with them, I pray that they know how sorry I am for what I did to them and what I put them through.
>
> My pastor, Jim Price from Diamond Canyon Christian Church, who is now retired, once said to write a list of name of friends and family who would be affected should I decide to do wrong and fall from good character. I now have that list of those people whom I hold dear, but it's much too late, and I only wish I had made that list a long time ago. I have reflected on that sermon every day since my incarceration, and I realize that I have

7

astronomically failed my church family.

I also failed my parents who, as first-generation Koreans, did their best to provide [sic] me so that I could have a chance to succeed in this country. As much as they are disappointed in my actions, they support me 100%, for which I can never thank them enough. I am also forever greatful [sic] for my church friends back home for their forgiveness and support.

I wish to be a good-standing citizen when I leave the federal prison system, and work hard to contribute to my community, as well as redeem myself to the best of my ability. I feel that I have done my utmost to be a good-standing inmate while in prison. I have been working on myself, my relationship with God, and on others, such as teaching them how to practice yoga.

With the sentence hearing looming, I humbly ask that I be given the chance to come back home sooner so that I can make amends for my wrongdoing. My selfish deeds should not go unpunished, but I ask for leniency so that I may have a life worth living for outside these prison walls. I pray that you grant me this second chance, although I understand it is well within your power not to do so. I apologize for such a long letter, and I thank you for taking the time to read it.

*See Letter dated August 29, 2017 from Stephen Chang*, attached hereto as Exhibit D.

A friend of fifteen (15) years, Andrew Hwang, M.D., confirms that Stephen never blamed anyone but himself for his offense, and has expressed deep regret. *See Letter from Andrew Hwang, M.D.*, dated September 30, 2017 and attached hereto as Exhibit E.


### IV. Place of Confinement

Due to Mr. Chang's family ties to California, he respectfully requests the Honorable Court recommend that the Bureau of Prisons allow him to serve his sentence

as close to California as his security designation will permit. Specifically, FCI – Sheridan (Oregon), FCI - Englewood (Colorado) or FCI- Pensacola (Florida).

V.     **Conclusion**

**WHEREFORE**, for the reasons set forth above, Mr. Chang respectfully requests that This Honorable Court consider the information contained within this Memorandum when determining sentence.

Respectfully submitted,

**ABOM & KUTULAKIS, L.L.P.**

Date: November 1, 2017         /s/ Stephanie L. Cesare
Stephanie L. Cesare, Esquire
2 W. High Street
Carlisle, PA 17013
(717) 249-0900
Attorney I.D. # 308102

## CERTIFICATE OF SERVICE

I, Stephanie L. Cesare, Esquire, hereby certify that on this 1st day of November 2017, a true and correct copy of the foregoing Brief in Support of Outstanding Objections to PSR and Pre-Sentencing Memorandum was served upon the party named below via electronic means addressed as follows:

**Daryl Bloom, Esquire**
**Assistant United States Attorney**
**Darly.Bloom@usdoj.gov**

/s/
Stephanie L. Cesare